JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GELMART INDUSTRIES, INC., | Civil Action No. |
| Plaintiff, | 13 CIV 6310 |
| v. | COMPLAINT |
| EVEREADY BATTERY COMPANY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

RECEIVED SEP 09 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Gelmart Industries, Inc. ("Gelmart") by and through its attorneys Garson, Ségal, Steinmetz, Fladgate LLP for its complaint against Defendant Eveready Battery Company, Inc., ("Eveready") alleges on knowledge as to its own acts and otherwise on information and belief as follows:

NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action seeking a declaratory judgment that Gelmart does not infringe any valid trademark of Eveready. This action further seeks injunctive relief and attorney's fees as set forth hereinafter, as well as any and all further relief in accordance with the appropriate statutes and common law.

THE PARTIES

2. Gelmart is a Delaware corporation, authorized to conduct business in the state and county of New York. Its principal place of business located at 136 Madison Ave., 4th Floor, New York, NY 10016. Gelmart designs, manufactures and sells intimate apparel and lingerie to major retailers.

1

3. On information and belief, Eveready is a Delaware corporation having an address of 533 Maryville University Drive, St. Louis, Missouri, 63141.

## I. JURISDICTION & VENUE

4. This action arises under the federal Trademark ("Lanham") Act 15 U.S.C. § 1051, *et seq.*, under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and New York statutory and common law.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action arises under Acts of Congress relating to trademarks, and, and because it contains a claim of tortuous interference joined with a substantial and related claim under the trademark laws. Subject matter jurisdiction over this action is conferred upon this court by 28 U.S.C. §1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court possesses personal jurisdiction over Defendant because, upon information and belief, it regularly and continuously transacts business in the State of New York.

7. Venue is properly laid in the Southern District of New York pursuant to 28 USC §§ 1391 (a), (b) and (c) in that Defendant Eveready committed the acts complained herein within this judicial district, and is subject to personal jurisdiction within this judicial district.

## II. STATEMENT OF FACTS

8. Gelmart designs, manufactures and sells intimate apparel and lingerie to major retailers for its own brands and also on a 'private label' basis.

9. In early 2013, Gelmart in continuation of its development of brands for the lingerie marketplace began the design of a new line of intimate apparel (bras, panties etc.) to be sold and marketed under the brand name "SKINTIMATES."

10. Gelmart undertook a search and confirmed that there was no word mark in the intimate apparel and the wider apparel marketplace that currently utilized the word mark "SKINTIMATES."

11. On June 25, 2013 Gelmart applied for a trademark registration with the United States Patent and Trademarks Office ("USPTO") in the International Class 25 (apparel) for the wordmark "SKINTIMATES," (a true copy of which is attached hereto as Exhibit A) in particular for:

    Body suits; Bras; Camisoles; Cooties; Hosiery; Leggings; Lingerie; Loungewear; Maternity bras; Maternity lingerie; Maternity sleepwear; Pajamas; Panties; Panties, shorts and briefs; Shapewear, namely, girdles, bras, shaper briefs and shaper tops; Sleepwear; Slips; Sports bra; Sweatpants; T-shirts; Tights; Yoga pants; Yoga shirts.

12. Gelmart's trademark application was duly examined by a Trademark Examiner at the USPTO, who searched the USPTO records to determine whether any other mark presented a likelihood of confusion or other conflict with Gelmart's mark. The Trademark Examiner approved Gelmart's application for publication which pursuant to law necessarily means that the Examiner concluded that no other

registered trademark created a conflict with Gelmart's mark. Publication is due on September 10, 2013.

13. On information and belief, Eveready is a business whose operations are largely limited to the razorblade, cosmetics, batteries and lightbulb markets.

14. Of the approximately 772 live and dead marks in which the Defendant Eveready has or has had an interest only 9 have ever touched on the apparel industry; 4 of which are currently live and all contain the wordmark "Energizer;" and none of which have any type of intimate apparel in their descriptions of good and services.

15. Upon information and belief, Defendant Eveready is not actively involved in the apparel or intimate apparel marketplaces.

16. On or about August 8, 2013, Eveready through its attorney Thompson Coburn LLP sent a letter (the "Cease and Desist") to counsel for Gelmart by way of email and regular mail. (A true copy of which is attached hereto as Exhibit B).

17. The Cease and Desist claims ownership to the federally registered trademark "Skintimate" with no reference to serial or registration numbers.

18. Eveready has applied for and has been granted registrations for the wordmarks which contain the word "Skintimate" for the following goods and services:

| Registration No. | Int. Class | Goods and Services |
| --- | --- | --- |
| 3967563 | 008 | razors |
| 3754697 | 003 | Shave gel |
| 2058439 | 003 | shave foam; shave cream; shaving preparations |
| 1906256 | 003 | Shave gel |

4

19. Eveready has applied for and not yet filed a Statement of Use for the wordmark "Skintimate" for the following goods and services:

| Serial No. | Int. Class | Goods and Services |
|---|---|---|
| 3967563 | 003 | bath gels, bath oils, bath powder, beauty masks, body creams, body oils, body powder, breath freshener, cleansing creams, cologne, deodorant soap, deodorants for personal use, antiperspirants, depilatory creams, disposable wipes impregnated with chemicals or compounds for personal hygiene, essential oils for personal use, eye cream, facial scrubs, hair care preparations, hair gels, hair shampoo, hair conditioner, lip balm, lotions for skin, face, body; massage oils, mouthwashes, perfume, pre-moistioned cosmetic wipes, shower gels, skin moisturizers, soaps for body care, sun block preparations, talcum powder, tooth paste, aftershave preparations, body spray, foot scrubs, body scrubs, body wash, pre-shave preparations |

20. The Cease and Desist, having referenced that it owns "the federally registered trademark SKINTIMATE" proceeds to assert, "the goods are closely related in that they are directed to the same category of consumers."

21. The only category of consumers that Gelmart targets are those who wear intimate apparel designed for women, the hygiene habits or depilation preferences of their customers are of no bearing.

22. Further the Cease and Desists requests that Gelmart "(1) abandon the above-referenced trademark application; (2) agree to cease all current use of

5

SKINTIMATES (if any - we note that the application is based on an intent to use); and (3) agree to refrain from future use and registration of SKINTIMATE, SKINTIMATES or equivalents."

23. The threat is implicit within the Cease and Desist that Eveready "Eveready vigorously enforces its intellectual property" and the only "amicable solution" that it proposes is complete cessation of use of the wordmark SKINTIMATES.

24. Under the circumstances, Gelmart possesses an objectively reasonable apprehension that Eveready will file suit for trademark infringement bases on Gelmart's product development and application for its SKINTIMATES mark.

25. Therefore, there exists an actual and justiciable controversy between Gelmart and Eveready regarding whether Gelmart is infringing alleged trademark rights owned by Eveready.

### FIRST CLAIM FOR RELIEF
(DECLARATORY JUDGMENT OF NON INFRINGEMENT)

26. The allegations of each of the foregoing paragraphs are incorporated herein by reference.

27. Eveready's claim of infringement by Gelmart's use of the wordmark "SKINTIMATES" in the intimates apparel marketplace, is frivolous and without legal basis, and Gelmart is entitled to a ruling to that effect.

28. A case of actual controversy between plaintiff and defendant exists under 28 U.S.C.§§ 2201 and 2202.

29. Gelmart's use of the "SKINTIMATES" mark is not likely to cause confusion, mistake or deception or confuse the relevant public as to source, sponsorship, or affiliation with Defendant's use of "Skintimate."

30. A declaratory judgment will serve a useful purpose in clarifying and settling legal relations at issue between the parties, and it will terminate and afford relief to Gelmart from the uncertainty, insecurity, and controversy giving rise to this proceeding.

## SECOND CLAIM FOR RELIEF
### (TORTIOUS INTERFERENCE)

31. The allegations of each of the foregoing paragraphs are incorporated herein by reference.

32. The only reasonable inference which may be gleaned from the Cease and Desist and the fact that Eveready has no intention of using its "Skintimate" brand in the intimate apparel marketplace is that Eveready intends to interfere with the established, legitimate business of Gelmart of design, manufacture, distribution and sale of intimate apparel.

33. As Eveready has shown no reasonable basis to claim it has valid trademark rights which are in any way infringed by Gelmart, Eveready's actions and threats action constitute tortious interference with Gelmart's legitimate business interests in connection with its existing business.

FOR THESE REASONS, Plaintiff Gelmart prays for a judgment in its favor and against Defendant as follows:

A. That the Court declare that Plaintiff has not infringed any valid trademark or other intellectual property right of Defendant;

B. That the Court declare that Plaintiff has not violated any state unfair competition laws, whether statutory or at common law;

C. That the Court declare that Plaintiff's use of the Skintimates mark is not likely to confuse customers as to the source, sponsorship or affiliation of Plaintiff or its products;

D. Injunctive relief permanently enjoining Defendant from making, disseminating, or publishing any false and frivolous accusations as to Plaintiff having "infringed" any trademark or other intellectual property rights of Defendant.

E. Injunctive relief preventing Defendant from claiming that Plaintiff is infringing any trademark rights of Defendant.

F. Injunctive relief preventing Defendant from tortiously interfering with Plaintiff's existing, legitimate business, or taking any action that would have such effect.

G. That Gelmart be awarded its reasonable attorney's fees and costs;

H. An award of costs and pre-judgment and post-judgment interest; and

I. Such other and further relief as the court may deem just and proper.

Dated: New York, New York
September 9, 2013

Respectfully Submitted,
Garson, Segal, Steinmetz, Fladgate LLP

By: _____
Bar No. RG1521

164 West 25th Street Suite 11R
New York, NY 10001
Telephone (212) 380-3623
Facsimile (347) 537-4540

Attorneys for Plaintiff