**NORTON ROSE FULBRIGHT**

November 8, 2013

**VIA ECF**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Fulbright & Jaworski LLP
2100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2112
United States

**Timothy M. Kenny**
**Head of IP Brands, United States**
Direct line +1 612 321 2805
tim.kenny@nortonrosefulbright.com

Tel +1 612 321 2800
Fax +1 612 321 2288
nortonrosefulbright.com


Re:    *Gelmart Industries, Inc. v. Eveready Battery Company, Inc.*, 13-civ-6310 (PKC/HBP)

Dear Judge Castel:

We represent Eveready Battery Co., Inc. in the above-referenced case. We write pursuant to Rule 2(A)(1) of Your Honor's Individual Practices to request leave to file a Motion to Dismiss all counts of the Declaratory Judgment Complaint of Plaintiff Gelmart Industries, Inc. ("Gelmart").[1] There have been no previous requests for leave.

Eveready requests leave to file a motion to dismiss all counts of Gelmart's Declaratory Judgment Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). There is no justiciable controversy between the parties as Gelmart has not alleged it is using the SKINTIMATES mark and has not actually used the mark, nor has Gelmart alleged that it had engaged in a course of conduct evidencing a definite intent and apparent ability to commence use of the SKINTIMATES mark at the time the Complaint was filed.

To determine what constitutes a justiciable controversy for purposes of the Declaratory Judgment Act, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). The dispute must be "'definite and concrete, touching the legal relations of the parties having adverse legal interests'; and that it be 'real and substantial' and admi[t] of specific relief through a decree of a conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*

---

[1] Eveready signed a Waiver of Service making its Answer or Response due on November 8, 2013. Pursuant to your Honor's Rule 2(A)(1), we are submitting this letter to request leave to file the motion and are prepared to file the motion after the court grants leave on whatever schedule is set by the Court.

Fulbright & Jaworski LLP is a limited liability partnership registered under the laws of Texas.

57410394.1

Fulbright & Jaworski LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa (incorporated as Deneys Reitz, Inc.), each of which is a separate legal entity, are members of Norton Rose Fulbright Verein, a Swiss Verein. Details of each entity, with certain regulatory information, are at nortonrosefulbright.com. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

Hon. P. Kevin Castel
November 8, 2013
Page 2

NORTON ROSE FULBRIGHT

For the court to analyze Gelmart's Declaratory Judgment of non-infringement, it must necessarily conduct a trademark infringement analysis, which requires that Gelmart be making use of the SKINTIMATES mark in commerce. *See* 15 U.S.C. 1114(1)(a). Significantly, to establish declaratory judgment jurisdiction, Gelmart must have been actually using the SKINTIMATES mark or engaged in a course of conduct evidencing a 'definite intent and apparent ability to commence use' of the SKINTIMATES mark *at the time the Complaint was filed*. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007).

   A.   **Gelmart has made no actual use of the SKINTIMATES mark**

There is no dispute that Gelmart has (1) not alleged actual use of the mark in its Declaratory Judgment Complaint and (2) not made actual use of the mark in commerce. Several facts support this statement: (1) Gelmart filed an intent-to-use trademark application and has not filed an Amendment to Allege Use with the United States Patent and Trademark Office; (2) Gelmart did not allege actual use of SKINTIMATES in the Declaratory Judgment Action Complaint; (3) Eveready has not discovered any use of the SKINTIMATES mark by Gelmart in the marketplace; and (4) during Eveready's and Gelmart's pre-motion exchange of letters about this dispute over use, Gelmart's counsel indicated that Gelmart was not making use of the mark but was "in development" and then that "hangtags and product samples have been designed and produced." (*See* Eveready's Counsel's October 14, 2013 Letter attached hereto as Exhibit A and Gelmart's Counsel's October 18, 2013 Letter attached hereto as Exhibit B). *Nearly two months have passed since Gelmart filed its Complaint in this matter, and Gelmart has still not alleged or provided any evidence that Gelmart has made actual use of the SKINTIMATES mark.* Without use of the mark, there is no justiciable controversy and the case must be dismissed.

   B.   **Gelmart has not alleged (or provided facts when asked) evidencing Gelmart's "definite intent and apparently ability to commence use of the mark" nor alleged facts to prove sufficient immediacy or reality of potential future "use" of SKINTIMATES**

Alternatively, for a case or controversy to exist in the trademark context, Gelmart must have alleged that it "has engaged in a course of conduct evidencing a 'definite intent and apparent ability to commence use'"of the SKINTIMATES mark on a product. *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595-596 (2d. Cir. 1996) (per curiam). In order to warrant declaratory judgment, the plaintiff must be engaged in "meaningful preparation," to use the mark, such that it is "actively preparing to produce the article in question. This is the last point before the point of no return." *Id. citing Arrowhead Indust. Water, Inc. v. Ecolochem*, Inc., 846 F.2d 731, 6 U.S.P.Q.2d 1685, 1689 (Fed. Cir. 1988).

Gelmart has not alleged (or provided any facts when asked, *see* Exhibits A and B) regarding immediacy of use of the SKINTIMATES mark or that it was immediately prepared to manufacture and sell its goods bearing the SKINTIMATES mark at the time the Complaint was filed. Gelmart has failed to allege, inter alia, that it had met with potential customers, licensees, or business partners and discussed products in connection with the SKINTIMATES mark or

57410394.1

Hon. P. Kevin Castel
November 8, 2013
Page 3



provided any examples of finalized SKINTIMATES mark on marketing materials, hangtags, or other materials. The only statement regarding Eveready's alleged preparation to use the SKINTIMATES mark in the Complaint reads "[i]n early 2013, Gelmart in continuation of its development of brands for the lingerie marketplace began the design of a new line of intimate apparel (bras, panties etc.) to be sold and marketed under the brand name "SKINTIMATES." (*See* Compl. ¶ 9). At most, Gelmart has only alleged vague facts regarding the *development of its product*, **not** facts regarding its intent to commence *use of the mark* – which is insufficient to establish an actual controversy. *See Starter Corp*, 84 F.3d at 595-596 (requiring definite intent and apparent ability *to use the mark* on a product). Gelmart's failure to allege use of the mark requires dismissal.

        **C.    Gelmart's claim for Declaratory Judgment of tortious interference should also be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)**

Because there is no basis for this court to exercise original jurisdiction over Gelmart's request for declaratory judgment of non-infringement of Eveready's trademarks under the Lanham Act, Eveready also seeks to dismiss Gelmart's state law claim for tortious interference. 28 US.C. § 1367(c)(4). Additionally, the claim should be dismissed because Gelmart has failed to state a claim upon which relief can be granted because Gelmart has failed to allege any of the necessary facts relevant to the elements of a tortious interference claim, including: (1) failing to allege *specific* business relationships that Eveready has allegedly interfered with; (2) Eveready's awareness of any such specific relationships; and (3) merely alleging conduct by Eveready that was directed at Gelmart, not at a third party. *See Plasticware, LLC v. Flint Hills Res., LP,* 852 F. Supp.2d 398, 4402 (S.D.N.Y. 2012).

For these reasons, Eveready requests that the Court grant leave to file the motion to dismiss all counts of Gelmart's Declaratory Judgment Complaint.

Eveready proposes that the motion to dismiss be due two weeks from the pre-motion conference scheduled for November 12, 2013. Therefore, the proposed deadline would be November 26, 2013.

Respectfully submitted,

*/s/ Timothy M. Kenny*

Timothy M. Kenny
*\*Pro hac vice* motion was filed earlier today

TMK/kts

cc:    Robert Garson, Garson, Segal, Steinmetz, Fladgate LLP
        (counsel for Gelmart Industries, Inc.)

57410394.1